UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| KHA V. PHAM | CIVIL ACTION NO. 21-2042 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DANNY L. LEWIS JR., ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM RULING

Before the Court is a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), filed by Defendant, Mississippi Farm Bureau Casualty Insurance Company ("Farm Bureau").[1] Plaintiff, Kha Pham ("Pham"), filed an opposition.[2] For the reasons discussed below, Farm Bureau's Motion is **DENIED**.

I. Background

This case arises from an incident involving two 18-wheeler trucks. Kha Pham alleges that he was driving a large truck through Madison Parish, Louisiana, near the Mississippi border, when another truck driver, Danny Lewis ("Lewis") collided with the rear of Pham's trailer.[3] Pham claims neck and back injuries as a result of the accident.[4] At the time of the collision, Pham further alleges that Lewis was working as a driver for his employer, Circle H Farms, LLC ("Circle H Farms"), a company based in Mississippi that also owned the truck involved in the accident.[5] Farm Bureau, Circle H Farms's commercial

---

[1] Record Document 8.
[2] Record Document 10.
[3] Record Document 1-1, p. 1.
[4] *Id.* at p. 3.
[5] *Id.* at p. 2.

insurer, issued a policy that covered Lewis and his employer's truck.[6] Pham brought this action against Lewis, Lewis's employer, and Farm Bureau to recover damages caused from the wreck.[7]

In the motion before the Court, Farm Bureau moves to dismiss Pham's claims against it based on a lack of personal jurisdiction.[8] Farm Bureau contends that as a Mississippi insurance company, it has no contacts with Louisiana, it issues no insurance policies in Louisiana, and it is not licensed to do business in Louisiana.[9] In response, Pham argues that Louisiana Revised Statute Section 13:3474 affords this Court personal jurisdiction over non-resident insurers like Farm Bureau.[10]

II. Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a motion to dismiss for lack of personal jurisdiction. When a defendant challenges the existence of personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction does indeed exist. See *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 626 (5th Cir. 1999). On a pretrial motion such as this one where no evidentiary hearing is held, the uncontroverted allegations in the plaintiff's complaint must be taken as true and any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. See *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). Those facts must create for the plaintiff only a *prima facie* showing of jurisdiction. See *Travelers Indem. Co. v. Calvert*

---

[6] *Id.*
[7] *Id.* at p. 1.
[8] Record Document 8-2, p. 1.
[9] *Id.*
[10] Record Document 10, p. 3.

2

*Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986). If the plaintiff satisfies that minimal standard, it must still prove the jurisdictional facts at trial or through a hearing by a preponderance of the evidence before it may obtain relief on the merits against the non-resident. *See id.*; *Felch v. Transportes Lar-Mex*, 92 F.3d 320, 326 (5th Cir. 1996).

III. Law and Analysis

"Personal jurisdiction refers to a court's power to exercise authority over a particular defendant." *Alexander v. Anheuser-Busch, L.L.C.*, 19-30993, 2021 WL 3439131, at *1 (5th Cir. Aug. 5, 2021), *cert. denied,* 142 S. Ct. 716 (2021). When exercising this authority, federal courts follow "state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). But courts do not possess unbridled power to force out of state defendants to defend lawsuits. Instead, a court's ability to exercise jurisdiction is restrained by the Fourteenth Amendment, which forbids states from "depriv[ing] any person of life, liberty, or property, without the due process of law." U.S. CONST. amend. XIV § 1; *see Walden*, 571 U.S. at 283. Determining whether this Court may exercise personal jurisdiction over a defendant, therefore, requires that (1) Louisiana law provides for such jurisdiction, and (2) that the jurisdiction comports with the limits imposed by federal due process. *See Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 294 (5th Cir. 1999).

*A. Louisiana's Non-Resident Motorist Statute*

First, the Court holds that Louisiana law provides for jurisdiction over Farm Bureau under Section 13:3474, Louisiana's long-arm motorist statute.[11] This statute "affords

---

[11] The statute reads in pertinent part:

3

personal jurisdiction over a non-resident insurer not authorized to do business in Louisiana through the secretary of state of Louisiana when the non-resident insured or the insured's authorized agent, employee, or person for whom he is legally responsible operates a motor vehicle in Louisiana that causes an accident." *Henry v. Ocean Harbor Cas. Ins. Co.*, 2002-1325 (La. App. 4 Cir. 9/18/02); 828 So. 2d 663, 666 (citing La. R.S. § 13:3474).

Here, Pham alleges that Lewis caused the relevant accident in Louisiana. He alleges the Lewis was the sole operator of the other vehicle involved in the wreck, and that Lewis was driving the truck in the full course and scope of his employment with Circle H Farms.[12] Pham claims that Farm Bureau is a non-resident insurer that issued a commercial liability policy on Lewis, Circle H Farms, and the truck involved in the accident.[13] Farm Bureau does not contest these claims in its motion, nor does it contend that Pham's service was defective under the statute. From these alleged facts, therefore, Section 13:3474 clearly applies in this action and to Farm Bureau. *See La See v. Freeze*, 615 So. 2d 893, 895 (La.

---

The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Louisiana, or the operation by a non-resident or his authorized agent, employee . . . shall be deemed equivalent to an appointment by such non-resident of the secretary of state of Louisiana or his successor in office, to be his true and lawful attorney for service of process, as well as the attorney for service of process of the public liability and property damage insurer of the vehicle, if such insurer be a non-resident not authorized to do business in the state, upon whom or such insurer, may be served all lawful process in any action or proceeding against the non-resident, or such insurer, growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle in this state, or while same is operated by his authorized agent or employee . . . .

La. R.S. § 13:3474.
[12] *Id.*
[13] Record Document 1-1, p. 2.

4

Ct. App. 1993) ("The statute clearly envisions a situation whereby a non-resident tortfeasor or the insurer is being sued since it applies to 'any action or proceeding *against* the non-resident, or such insurer.'") (emphasis in original) (quoting La. R.S. § 13:3474). As a result, Pham has made a sufficient threshold showing that this Court may exercise personal jurisdiction over Farm Bureau under Louisiana law.

### B. Constitutional Limits on Personal Jurisdiction

Second, the Court holds that its exercise of jurisdiction over Farm Bureau under Louisiana's long-arm motorist statute does not violate due process under the Fourteenth Amendment. Due process requires both that a defendant have sufficient minimum contacts with the forum state and that the exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. *See Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008).

Minimum contacts exist when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (citing *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). The United States Supreme Court has long held that non-resident motorist statutes like Section 13:3474 do not violate due process so long as the non-resident receives notice. *See, e.g., Hess v. Pawloski*, 274 U.S. 352, 356 (1927) ("The state's power to regulate the use of its highways extends to their use by nonresidents as well as by residents."). This is because a single isolated act, like a car accident in the forum state, is enough to support jurisdiction if a plaintiff's claims arise from that act. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). And if an

accident in Louisiana is enough to extend jurisdiction over the tortious non-resident motorist, the same accident should therefore "justify maintenance of the suit against his nonresident liability insurer who, after all, is the real party in interest." *Pugh v. Oklahoma Farm Bureau Mut. Ins. Co.*, 159 F. Supp. 155, 159 (E.D. La. 1958) (citing *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 51 (1954)). Thus, when Farm Bureau's insured driver causes an accident in Louisiana–as was alleged here–Farm Bureau cannot then refuse to face a claim in the jurisdiction where liability on the policy allegedly arises. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("When a corporation 'purposefully avails itself of the privilege of conducting activities within the forum State,' it has clear notice that it is subject to suit there.") (citation removed) (quoting *Denckla,* 357 U.S. at 253). For these reasons, the Court holds that Farm Bureau availed itself of the laws of Louisiana and sufficient minimum contacts therefore exist. *See Pugh*, 155 F. Supp. at 158–59.

The Court further holds that exercising personal jurisdiction under the Louisiana long-arm motorist statute over Farm Bureau does not violate traditional notions of fair play and substantial justice. In making the fairness determination, a court must consider: "(1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." *Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993). "It is rare to say the assertion is unfair after minimum contacts have been shown." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citation omitted).

Here, Farm Bureau does not argue that defending this action would pose an undue burden; Louisiana has an interest in providing a forum for individuals injured on its highways; Pham has chosen to litigate this matter in Louisiana; Louisiana is the most efficient place to resolve this controversy; and this Court's exercise of jurisdiction will not negatively affect social policies of other states. In sum, "having agreed to cover Louisiana risks, [the insurer] cannot deny Louisiana courts the right to determine its liability on claims arising from accidents occurring in this state." *Pugh*, 155 F. Supp. at 159.

IV. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Farm Bureau's motion to dismiss for lack of personal jurisdiction[14] is **DENIED**. This matter is **REFERRED** to the Magistrate Judge for a new scheduling conference.

**THUS DONE AND SIGNED** this 2nd day of March, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[14] Record Document 8.